## LUTHER F. HOSMER *vs.* GEORGE S. BUTLER.

First Judicial District, Hartford, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued October 2d—decided November 7th, 1928.

*Vine R. Parmelee,* with whom, on the brief. was *John J. Wurdig,* for the appellant (defendant).

*Joseph F. Berry,* with whom was *William H. Leete,* and, on the brief, *Allan K. Smith* and *Cyril Coleman,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff and defendant, Butler, entered into the agreement, Exhibit A, for the exchange of real estate by which the plaintiff agreed to execute and deliver a deed of his property in Clinton to defendant and in consideration thereof the defendant agreed to deliver to plaintiff on or before June 30th, 1925, a proper conveyance of his property in Wallingford subject to a certain right of way and to mortgages aggregating $55,000, which were "to be arranged as well as possible by the said Butler." On the date of this agreement the Wallingford property was incumbered by a first mortgage for $30,000 and by a second mortgage for $30,000 covering the property to be conveyed and other property of defendant in Wallingford. The meaning of the phrase "to be arranged as well as possible by the said Butler" is not stated among the facts in the finding but it appears in one of the conclusions of the trial court that it referred to the terms and conditions of the mortgages.

On July 1st, 1925, the defendant tendered to the plaintiff's agent a deed of the Wallingford property; the incumbrances specified therein were $60,000 and

not the $55,000, as provided in the agreement. The plaintiff's agent refused to accept this deed, but defendant left it with him; later, on August 30th, 1925, the plaintiff mailed it to defendant with a request that he reconvey the Clinton property to plaintiff, which he refused to do. The defendant subsequently conveyed to one Sadd both the Clinton and Wallingford properties. The plaintiff received nothing from the defendant as a result of this agreement. The equity in the Wallingford property so agreed to be conveyed on June 30th, 1925, was worth $5,000.

The finding is not attacked. The provision in the agreement, "and mortgages aggregating fifty-five thousand dollars to be arranged as well as possible by the said Butler," is claimed by the appellant to be ambiguous. Mortgages arranged as well as possible could apply to nothing except the terms and the conditions of the mortgages, as the court concluded. There was no ambiguity in this phrase and no occasion for the admission of parol evidence with respect to the arrangement as to the mortgages. If the phrase had been ambiguous, so far as the finding discloses, the defendant offered no evidence tending to prove this arrangement and the court did not refuse to admit such evidence.

The court did not err in overruling defendant's claim that the agreement, Exhibit A, did not intend to embody in writing the entire agreement. Upon its face the agreement is complete and nothing in the finding tends to controvert the conclusion reached by the court that Exhibit A contained the entire agreement.

The defendant's claim that the deed tendered by him was a tender of performance in accordance with the agreement is not well taken. The deed did not conform to the requirements of the agreement of these parties inasmuch as the conveyance tendered specified

that it was subject to mortgages aggregating $60,000 instead of the $55,000 as provided in Exhibit A. Tender was not refused because of the terms or conditions of the mortgages except as to their aggregate amount.

The defendant further claims that the retention of the deed by the plaintiff for approximately two months constitutes an acceptance of the deed. The failure to return the deed left with the plaintiff's agent by defendant is without significance. The agent refused to accept it when tendered and despite this refusal the defendant left the deed with the agent who as long as the deed remained in his possession was the enforced custodian of it for the defendant, not the voluntary custodian in behalf of the plaintiff. Since the plaintiff has kept his part of the agreement, Exhibit A, and conveyed the Clinton property to the defendant, who retains its title and has failed to convey the Wallingford property which was the consideration for the exchange, manifestly the plaintiff is entitled to damages for the loss caused him by the breach of Exhibit A by the defendant. The equity in the Wallingford property at the time of the making of Exhibit A was $5,000, which is sufficient evidence of the damage suffered by the plaintiff to justify the judgment.

There is no error.

In this opinion the other judges concurred.